**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MORTGAGE LENDERS
INVESTMENT TRADING
CORPORATION f/k/a RP
FUNDING,

    Plaintiff,

v.                                      Case No. 3:24-cv-627-MMH-PDB

BERTIE VEREEN, etc., et al.,

    Defendants.

## O R D E R

**THIS CAUSE** is before the Court on Plaintiff, Mortgage Lenders Investment Trading Corporation, (MLI)'s Motion to Remand (Doc. 11; Motion), filed on July 18, 2024. In the Motion, MLI asks the Court to remand this mortgage foreclosure action to state court. See id. at 3. Defendant Bertie Vereen filed a response. See Defendant's Response to Plaintiff's Motion to Remand (Doc. 18; Response), filed on August 30, 2024. Accordingly, this matter is ripe for review.

MLI began this action on March 27, 2024, by filing a complaint in state court. See Verified Complaint for Foreclosure of Mortgage (Doc. 5; Complaint). In the three-page Complaint, MLI asserts a single claim, for foreclosure of a

mortgage Vereen allegedly granted to MLI. See id. ¶ 3.[1] MLI attached the promissory note, see id. at 4–7, and the mortgage, see id. at 8–20,[2] to its Complaint. Vereen removed the action to this Court on June 18, 2024. See Notice of Removal (Doc. 1; Notice).

In the Notice, Vereen asserts the Court has original jurisdiction under 28 U.S.C. §§ 1331 (federal-question jurisdiction) and 1332 (diversity jurisdiction). Notice at 2. As to federal question jurisdiction, Vereen asserts that MLI's claims "arise under the Truth in Lending Act … , Real Estate Settlement Procedures Act … , Home Ownership and Equity Protection Act … [,] and the Fair Debt Collection Practices Act … ." Id. at 2. As to diversity jurisdiction, Vereen asserts that jurisdiction is proper because the amount in controversy—i.e., the amount allegedly due on the promissory note—exceeds $75,000. Id. at 3. Vereen also states that she "is a resident within the State of Florida." Id. at 4.

In the Motion, MLI argues that removal is improper because 28 U.S.C. § 1441 prohibits removal on the basis of diversity jurisdiction where a properly

---

[1] MLI includes additional Defendants "Unknown Spouse of Bertie Vereen" and Turtle Creek Village Two Homeowners Association, Inc. (Turtle Village). See Complaint at 1. MLI joined Turtle Creek "because it may claim some interest in" the subject property. Id. ¶ 14. MLI joined the unknown spouse, if any, because such potential spouse "may claim a homestead or other interest" in the subject property. Id. ¶ 13.

[2] Throughout this Order, references to the page numbers refer to the page numbers generated by the Court's Electronic Docketing System (CM/ECF) rather than to any page numbers that appear on the documents themselves.

joined and served defendant is a citizen of the forum state. See Motion at 4–5. Additionally, MLI argues the Complaint presents no federal question. See id. at 5–7. And last, MLI contends that Vereen's removal of this action was improper because she did not obtain consent to remove from the other Defendants. See id. at 8. Importantly, the Magistrate Judge also ordered Vereen to show cause why this action should not be dismissed for lack of subject-matter jurisdiction, explaining that to the extent she intended to invoke the Court's diversity jurisdiction, "residence alone is insufficient." See Order (Doc. 8; First Show Cause Order), entered on July 9, 2024, at 2. Vereen filed a response. See Defendant's Response to Order to Show Cause (Doc. 13; Response to First Show Cause Order), filed on July 26, 2024. Perhaps recognizing that the forum-defendant rule would bar removal if she alleged Florida citizenship,[3] Vereen instead argued in the Response to First Show Cause Order that subject-matter jurisdiction is satisfied under federal-question jurisdiction. See id. at 4–7.

"In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory

---

[3] The forum-defendant rule, 28 U.S.C. § 1441(b)(2), provides that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997). The statute conferring federal-question jurisdiction provides, "The district courts shall have original jurisdiction of all civil actions arising under" federal law. 28 U.S.C. § 1331. "In determining whether jurisdiction exists under 28 U.S.C. § 1331, a court must look to the well-pleaded complaint alone." Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1295 (11th Cir. 2008); see also Kemp v. Int'l Bus. Mach. Corp., 109 F.3d 708, 712 (11th Cir. 1997) ("A case does not arise under federal law unless a federal question is presented on the face of plaintiff's complaint."). To meet her burden of proving proper federal jurisdiction, the removing "defendant[ ] must show that the plaintiff['s] complaint, as it existed at the time of removal, provides an adequate basis for the exercise of federal jurisdiction." Adventure Outdoors, 552 F.3d at 1295; see also Ehlen Floor Covering, Inc. v. Lamb, 660 F.3d 1283, 1287 (11th Cir. 2011). Counterclaims and anticipated defenses raising federal questions do not create federal-question jurisdiction. See Holmes Grp., Inc. v. Vornado Air Circ. Sys., Inc., 535 U.S. 826, 832 (2002) ("[W]e decline to transform the longstanding well-pleaded complaint rule into the 'well-pleaded-complaint-or-counterclaim rule' … .") (emphasis in original); Pacheco de Perez v. AT&T Co., 139 F.3d 1368,

1373 (11th Cir. 1998) ("The determination of whether federal question jurisdiction exists must be made on the face of the plaintiff's well-pleaded complaint; an anticipated or even inevitable federal defense generally will not support removal based upon federal question jurisdiction."). "Any doubts about the propriety of federal jurisdiction should be resolved in favor of remand to state court." Adventure Outdoors, 552 F.3d at 1294.

Here, the Court lacks federal-question jurisdiction over this action because the sole cause of action MLI asserts in the Complaint does not arise under federal law. Rather, MLI's cause of action arises under state law based on Vereen's alleged contractual obligation to pay on the note as it becomes due and under MLI's alleged corresponding right to foreclose under the mortgage contract. See Complaint ¶¶ 8–10. Vereen's argument to the contrary falls short. She directs most of her attention to her affirmative defenses, arguing they arise under federal law. See Response at 4–7. But both the plain text of 28 U.S.C. § 1331 and binding circuit precedent foreclose this argument, and the Court has no difficulty concluding that Vereen's affirmative defenses cannot be the basis for federal-question jurisdiction. See Pacheco de Perez, 139 F.3d at 1373.

Vereen also argues that the mortgage and note "reference[ ] and define[ ]" the Real Estate Settlement Procedures Act (RESPA), a federal statute codified at 12 U.S.C. §§ 2601 et seq. Response at 4. But the note does not reference

RESPA. See generally Complaint at 4–7. As to the mortgage, the mortgage does include various provisions obligating MLI to collect, hold, and spend escrow funds in accordance with RESPA and to notify Vereen accordingly. Complaint at 11–12. However, looking to the four corners of the Complaint, MLI's cause of action arises neither under RESPA itself nor the mortgage provisions that reference RESPA. See generally id. Federal-question jurisdiction is therefore not available.

Turning to diversity jurisdiction, for a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 412 (11th Cir. 1999). In order to establish diversity over a natural person, a party must include allegations of the person's citizenship, not where he or she resides. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment, … to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (internal quotation marks and quoted authority omitted).

While MLI does not argue in the Motion that Vereen's citizenship allegations are insufficient, see generally Motion, the Magistrate Judge directed

Vereen to provide sufficient facts to establish jurisdiction. See generally First Show Cause Order. In doing so, the Magistrate Judge noted that residence was not equivalent to citizenship. See First Show Cause Order at 2–3. Vereen has thus been put on notice and given an opportunity to respond and provide sufficient allegations of citizenship. Yet Vereen has not responded with allegations that show more than mere residency. See Response to Second Show Cause Order (Doc. 17) at ¶¶ 9, 12 (stating she is checking a P.O. Box in Florida "daily or every other day and calling a residence in Florida her "home address," but not alleging any facts demonstrating her intent to remain in Florida indefinitely); see also Response (silent as to citizenship); Response to First Show Cause Order (same); Defendant's Answer and Affirmative Defenses (Doc. 7; Answer), filed on July 1, 2024 (same). Vereen's assertions as to her residence are insufficient to establish her citizenship for diversity purposes. See Taylor, 30 F.3d at 1367 ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."); see also Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence' … ."). Notably, Vereen, as the party invoking the Court's jurisdiction, has the burden of establishing the facts supporting the Court's jurisdiction. See Adventure Outdoors, 552 F.3d at 1294. Despite guidance from the Court and an additional opportunity to show the

existence of subject-matter jurisdiction, she has failed to carry her burden.[4] As such, because Vereen has failed to show that the Court has either federal-question or diversity jurisdiction, and as no other basis of jurisdiction has been identified, the Motion is due to be granted.

Accordingly, it is

**ORDERED:**

1. Plaintiff's Motion to Remand (Doc. 11) is **GRANTED**.

2. The Clerk of the Court is directed to **remand** this case to the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida, and to transmit a certified copy of this Order to the clerk of that court.

---

[4] The Court notes that, even if Vereen did sufficiently allege her citizenship, remand would be required under the forum-defendant rule if her allegations established that she was a citizen of Florida. See 28 U.S.C. § 1441(b)(2). The forum-defendant rule is a procedural defect. See U.S. Bank Nat'l Assoc. v. Smith, 693 F. App'x 827, 929 (11th Cir. 2017) (citing Pacheco de Perez, 139 F.3d at 1372, n.4). As such, remand is appropriate upon proper motion. See U.S. Bank Nat'l Assoc., 693 F. App'x at 829 ("[I]f the only basis for remand is a procedural defect, then a court must wait for the plaintiff to file a timely motion for remand.").

3. The Clerk of the Court is further directed to **close** the file and **terminate** any remaining motions and deadlines as moot.

**DONE AND ORDERED** in Jacksonville, Florida this 25th day of September, 2024.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc33

Copies to:
Counsel of Record

Bertie Vereen
Metrox5000@gmail.com
P.O. Box 2481
Jacksonville, FL 32203

Clerk, Fourth Judicial Circuit